UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICK AUSTIN,

                               Plaintiff,

  -against-

SHARKEY'S CAFE INC. d/b/a CHIPILO
and RICE BOWL REALTY CORP.,

                              Defendants
-------------------------------------------------------------x

Caso No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Patrick Austin, through his counsel Gabriel A. Levy, P.C., brings this Complaint against Sharkey's Café Inc. d/b/a Chipilo and Rice Bowl Realty Corp. (collectively, "defendants") and states as follows:

### NATURE OF THE CLAIMS

1. This action challenges the defendants' continuous and unlawful disability discrimination. Plaintiff seeks declaratory and injunctive relief, monetary compensation, and recovery of attorney's fees and costs, pursuant to Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.), the New York State Executive Law § 296, the New York State Civil Rights Law § 40, and the New York City Administrative Code § 8-107. Defendants are responsible for a public accommodation that fails to comply with these laws and are liable for the conduct of their agents and employees.

2. Defendants consciously chose to ignore the legal obligations that mandate accessibility for disabled individuals at places of public accommodation. Their decision to disregard these requirements, in the hopes of avoiding detection, reflects a disregard for the rights of individuals with disabilities. This lawsuit seeks to hold them accountable and ensure their property is made fully accessible, affording plaintiff the same access and dignity as other customers.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as the case raises federal questions under the ADA. The Court also has supplemental jurisdiction over plaintiff's state and city law claims under 28 U.S.C. § 1367(a).

4. Venue is proper under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred within this District, and the subject property is located here.

## PARTIES

5. Plaintiff has resided in New York County, New York State, at all relevant times.

6. Plaintiff uses a wheelchair for mobility due to significant spinal damage and nerve issues that impair his ability to walk and limit his range of motion.

7. At all times, defendants have operated or leased the commercial space located at 48 Mulberry Street, New York, NY 10013 ("Premises").

8. Each defendant is licensed and/or conducts business within New York State.

9. At all relevant times, the Premises operated by defendants functioned as a place of public accommodation.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Defendants meet the definition of a public accommodation because they own, lease, lease to, control, or operate the Premises, within the scope of the ADA (42 U.S.C. § 12181; 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Administrative Code (§ 8-102(9)).

11. The Premises is a public accommodation within the meaning of the ADA, Executive Law, and Administrative Code, as it is privately operated and engaged in commerce.

12. Numerous physical barriers at the Premises hinder or obstruct access to individuals with disabilities, including the plaintiff.

13. Plaintiff believes the Premises was constructed for first occupancy after January 26, 1993.

14. Plaintiff believes that alterations were made to the Premises and adjacent areas sometime after January 1992.

15. Upon further belief, additional modifications to the Premises occurred after January 1992.

16. Plaintiff is a frequent traveler throughout New York City and regularly visits the area where the Premises is located.

17. During these visits, plaintiff often participates in leisure activities such as dining out, shopping, and spending time with family, frequently combining these activities with reading or listening to music.

18. To facilitate his mobility, plaintiff uses an electric wheelchair and also utilizes public transportation, including city buses.

19. On or about March 18, 2025, plaintiff sought to access the Premises, drawn by its offering of traditional Italian-style sandwiches made with imported ingredients.

20. He was specifically interested in ordering the Venetto Sandwich, among other menu items.

21. Plaintiff encountered physical barriers that prevented him from entering the Premises and is aware that those barriers remain in place to date.

22. Most notably, plaintiff encountered a raised step at the entrance, which obstructed entry.

23. This experience left plaintiff feeling humiliated and excluded due to his disability.

24. Despite this incident, plaintiff expresses a clear intent to return to the Premises once access has been remediated.

25. The Premises is located less than an hour from plaintiff's residence, making return visits both feasible and likely.

26. Defendants' facilities, including services, spaces, and architectural elements, are not accessible to plaintiff, contrary to the requirements under the ADA Accessibility Guidelines, including both the 1991 and 2010 Standards.

27. Due to noncompliance with these legal standards, plaintiff has been denied full, equal, and safe access to the Premises.

28. Defendants' property has not been constructed, maintained, or altered to meet the standards of the 1991 or 2010 ADA regulations, nor the New York City Building Code or Construction Code of 2014.

29. Barriers that have either deterred plaintiff or interfered with his access include, but are not limited to, the following conditions:

    a. The building entrance lacks an accessible route and does not provide an adequate means of egress. A step obstructs the entry and no compliant ramp has been installed. Applicable codes require accessible pathways from sidewalks, parking, and public transit to be present, as well as compliance with entrance and door standards set forth in 28 C.F.R. § 36 and related architectural guidelines.

    b. Inside the Premises, dining tables do not meet required standards for accessibility. Necessary clearances for knees and toes are not provided. Additionally, the required percentage of accessible tables has not been achieved. Regulations under section 902 mandate forward approach access, appropriate knee space, and specific dimensional criteria for accessibility.

    c. The bar area is also noncompliant, with a surface height exceeding permissible limits and no section offering sufficient knee or toe clearance. The required portion of the bar designated for accessible use has not been established in accordance with governing regulations.

30. These conditions represent only a partial list of the accessibility issues at the Premises.

31. Plaintiff believes that a comprehensive evaluation of the Premises would uncover further barriers not presently identified.

32. To ensure full and effective remediation as required under the ADA, plaintiff must conduct a complete inspection to identify all noncompliant areas. Plaintiff therefore intends to amend this Complaint should additional violations be discovered.

33. Defendants' conduct has excluded plaintiff from equal participation and enjoyment of their services and accommodations based solely on his disability.

34. Defendants have failed to implement compliant policies and have not offered reasonable accommodations or modifications necessary to afford access to individuals with disabilities.

35. As a result of these systemic failures, plaintiff faces an ongoing and credible threat of discrimination, which continues to deter him from attempting to access the Premises.

36. Plaintiff frequently returns to the area where the Premises is situated and remains interested in accessing it once the barriers are removed.

37. Once the property is made compliant, plaintiff intends to visit on multiple occasions to enjoy the food and experience offered by defendants.

## FIRST CAUSE OF ACTION

### (Violation of the Americans with Disabilities Act)

38. Plaintiff incorporates by reference each preceding allegation as though fully stated herein.

39. Plaintiff's medical conditions substantially limit major life activities such as walking and physical mobility. As a result, plaintiff uses a wheelchair for locomotion.

40. Under 28 C.F.R. § 36.201(b), both the property owner and tenant of a place of public accommodation share responsibility for ADA compliance.

41. The ADA assigns joint liability to owners and lessees; defendants cannot contractually shift their legal obligations onto one another.

42. Defendants have subjected plaintiff to unequal treatment by denying him full and equal access to their facilities based on his disability. Their policies and practices also have a disparate impact.

43. By disregarding the accessibility requirements of federal law, defendants have effectively signaled that disabled patrons are not welcome.

44. The facility operated by defendants was either built or modified in a way that does not provide the accessibility required by the 1991 or 2010 ADA Standards, in violation of 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(A)(1).

45. The public space operated by defendants fails to provide a fully integrated and accessible environment, contrary to 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

46. In undertaking renovations to their business, defendants failed to bring the premises into compliance with ADA accessibility requirements, including 28 C.F.R. §§ 36.402 and 36.406.

47. Moreover, defendants did not provide accessible paths of travel to key functional areas after making alterations, as required under 28 C.F.R. § 36.403.

48. Section 36.406(5) obligates defendants to align their alterations with the 2010 ADA Standards. They failed to do so.

49. Defendants also did not remove access barriers where doing so was readily achievable, violating 28 C.F.R. § 36.304.

50. Because removing these obstacles is achievable, defendants' failure to act constitutes discrimination under 42 U.S.C. § 12182(a), (b)(2)(A)(iv) and 28 C.F.R. § 36.304.

51. Alternatively, defendants failed to offer reasonable alternatives in lieu of barrier removal, violating 28 C.F.R. § 36.305.

52. The pattern of failing to address access violations reflects a broader policy of noncompliance with federal disability law.

53. Defendants continue to discriminate by maintaining a facility that excludes individuals with disabilities.

## SECOND CAUSE OF ACTION

**(Violation of the New York State Executive Law)**

54. Plaintiff repeats and realleges each prior allegation as if fully set forth here.

55. Due to various medical conditions, plaintiff is disabled as defined under Executive Law § 296(21), with limitations on mobility and physical functioning.

56. Defendants have denied plaintiff equal access to their business on the basis of his disability.

57. By maintaining a facility that is not accessible, defendants violated Executive Law § 296(2). Each defendant also aided and abetted in the discriminatory conduct.

58. Defendants failed to remove readily achievable barriers in violation of Executive Law § 296(2)(c)(iii).

59. Alternatively, defendants failed to offer reasonable modifications or alternatives to ensure accessibility, contrary to Executive Law § 296(2)(c)(iv).

60. Making the Premises fully accessible is entirely achievable.

61. Ensuring compliance would not impose any undue hardship or significant burden on the defendants.

62. As a direct consequence of defendants' unlawful actions, plaintiff has experienced and continues to experience emotional harm, including shame, anxiety, and frustration.

63. Plaintiff is entitled to monetary damages, to be determined at trial.

## THIRD CAUSE OF ACTION

### (Violation of the Administrative Code of the City of New York)

64. Plaintiff reasserts and incorporates all prior allegations.

65. Due to the impairment of essential life functions, including walking and body control, plaintiff qualifies as disabled under Administrative Code § 8-102(16).

66. The Restoration Act (Local Law 85 of 2005) requires a broad interpretation of the Administrative Code, independent of narrower federal or state law standards.

67. This law mandates that provisions be read in favor of plaintiffs pursuing civil rights claims, without relying on interpretations of similarly worded laws.

68. Defendants have discriminated against plaintiff by denying equal services, benefits, and access based on disability, violating Administrative Code § 8-107(4). Each defendant contributed to this discrimination.

69. Defendants violated § 8-107(4) and Local Law 58 by creating or maintaining an inaccessible facility.

70. The refusal to provide equal access to accommodations, services, and spaces was discriminatory under the Administrative Code.

71. As a result of these violations, plaintiff suffered humiliation, anxiety, and stress.

72. Plaintiff believes the longstanding inaccessibility was intentional and executed with disregard for his rights.

73. Defendants have conveyed through their conduct that individuals with disabilities are unwelcome at their establishment.

74. Such conduct was reckless and carried out with conscious indifference, warranting punitive damages under § 8-502.

75. By failing to make the property accessible, defendants have unjustly profited from a noncompliant space and avoided necessary compliance expenses. These profits must be disgorged.

76. Plaintiff has been and will continue to be harmed, and is entitled to a damages award.

## FOURTH CAUSE OF ACTION

### (Violation of New York State Civil Rights Law)

77. Plaintiff reaffirms all preceding allegations.

78. Defendants' violations of the Executive Law entitle plaintiff to penalties under Civil Rights Law §§ 40-c and 40-d for each instance of discrimination.

INJUNCTIVE RELIEF

79. Defendants' continued violations make injunctive relief necessary to ensure full access and compliance with applicable laws.

80. Plaintiff seeks an order directing defendants to update their policies, practices, and physical premises to comply with federal, state, and local disability laws.

81. Such relief must also include auxiliary aids, reasonable modifications, and alternative methods where appropriate.

## DECLARATORY RELIEF

82. Plaintiff requests a declaration of each instance of noncompliance and a judicial determination of required alterations and policy changes.

## ATTORNEY'S FEES, EXPENSES AND COSTS

83. Plaintiff seeks recovery of all reasonable legal fees, expenses, and costs incurred in enforcing his rights under the ADA and Administrative Code.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment in his favor and against defendants, jointly and severally, providing the following relief:

a. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

b. Issue a permanent injunction ordering defendants to close and cease all business until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, ordering the defendants to provide a plan for compliance;

c. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

d. Award of compensatory damages in an amount to be determined at trial;

e. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

f. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

g. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

h. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: April 29, 2025

      Manhasset, New York

Respectfully submitted,

**GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com